IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRI SPEARS and KIM MCBRIDE-DAVIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                             ) | CASE NO.:  18-CV- |
| ) | |
| MARION COUNTY HOUSING AUTHORITY, ) | |
| GEORGIA MILLER, BRENDA LINGAFELTER, ) | |
| RICHARD GREGG, GERTIE WALKER,        ) | TRIAL BY JURY REQUESTED |
| NANCY LACKEY, GARY PURCELL, and     ) | |
| PATRICK STETELIN,                                   ) | |
| ) | |
| Defendants.  ) | |

## COMPLAINT

The Plaintiffs, SHERRI SPEARS and KIM MCBRIDE-DAVIES, by their attorney, Greg Roosevelt, for their Complaint against the Defendants, MARION COUNTY HOUSING AUTHORITY, GEORGIA MILLER, BRENDA LINGAFELTER, RICHARD GREGG, GERTIE WALKER, NANCY LACKEY, GARY PURCELL, and PATRICK STETELIN to address their civil and legal rights alleging as follows:

1. At all times relevant to this action, Plaintiff Sherri Spears was a resident of Centralia, Marion County, Illinois and a citizen of the Southern District of Illinois.

2. At all times relevant to this action, Plaintiff Kim McBride-Davies was a resident of Centralia, Marion County, Illinois and is a citizen of the Southern District of Illinois.

3. Defendant Marion County Housing Authority ("Authority") is and was at all time a municipal corporation created and authorized under the laws under the State of Illinois.  Said authority is a citizen of the Southern District of Illinois.

4. Defendants Georgia Miller, Brenda Lingafelter, Richard Gregg, Gertie Walker, Nancy Lackey, Gary Purcell, and Patrick Stetelin (collectively referred to as "Commissioners")

are duly appointed Commissioners of the Authority, with Georgia Miller serving as Chairperson. All reside within Marion County, Illinois and are citizens of the Southern District of Illinois.

5. On October 1, 2015, the Plaintiff Sherri Spears was employed by the Defendant as an Assistant Executive Director and Capital Funds Director.

6. Plaintiff Sherri Spears was employed by the Defendants having responsibility for reviewing spending and managing capital funds.

7. Plaintiff Kim McBride-Davies was hired by the Board on November 25, 2015 as Operating Funds Director and held that position in December of 2016.

8. Plaintiff Kim McBride-Davies met on December 6, 2017 with Georgia Miller stating concerns with financial issues at the Authority.

9. Plaintiff Sherri Spears went to Board members as an internal whistleblower on or about December 9, 2016 making a complaint of financial misconduct to Board member Georgia Miller, Chairperson of the Board.

10. Plaintiffs Sherri Spears and Kim McBride-Davies on December 13, 2016 met with two Board members of the Authority, Georgia Miller and Brenda Lingafelter. Also present was Authority counsel. Both Plaintiffs shared information of what they believed to be financial misconduct occurring at the hands of the then Executive Director.

11. In November, 2016 the Plaintiff Sherri Spears was given the title of Chief Financial Officer by Defendant.

12. On December 14, 2016, the Plaintiff Sherri Spears was made an Interim Executive Director by the Defendants.

13. The prior executive director, Allison F. Austin, on December 14, 2016 left the employ of the Defendant Authority. Following December 14, 2016, the Plaintiffs Sherri Spears

and Kim McBride-Davies cooperated as whistleblowers with a federal agency, Housing and Urban Development.  HUD provided funds to the Defendant.  In December of 2016, Plaintiffs Sherri Spears and Kim McBride-Davies cooperated with the HUD investigation in several interviews and telephone conferences.

14. In March, 2017, the federal Inspector General initiated an investigation and Plaintiffs Sherri Spears and Kim McBride-Davies cooperated with the Office of Inspector General in their investigation.  Plaintiffs Sherri Spears and Kim McBride-Davies then began cooperation as whistleblowers with the Office of Inspector General.

15. Immediately thereafter the Board cut Plaintiff Sherri Spears out of all Board meetings, reducing her role and access to Board information.  Plaintiff Kim McBride-Davies found that her access to the Executive Director was limited, the atmosphere at the office with the Executive Director became strained and Kim McBride-Davies was required and ordered to train a new employee on all of her duties and McBride-Davies feared that she was training her replacement.

16. The substance of the whistleblower complaint made by Plaintiffs was that there was misspending and issues within the Authority on misuse of federal funds which Plaintiffs reasonably believed constituted evidence of misconduct in the administration of federally provided government funds.

17. The Authority enjoys federal funding from federal agencies including Housing and Urban Development in its operations.

18. The Plaintiffs concluded that they had a responsibility to report what the Plaintiffs saw as misconduct and possible fraud in the administration of the federally funded government programs.

19.     The Plaintiffs were engaged in a protected activity in making the complaint to the Federal Office of Inspector General and Plaintiff's activities were directed at exposing fraud against the federal government.  The Plaintiffs' employer, the Authority, would have had knowledge of the Plaintiffs' activities and had notice either explicitly or implicitly that the Plaintiffs' activities could result in a federal civil False Claims Action being filed under 31 U.S.C. 3729-33.

20.     After the Plaintiffs cooperated with federal officers in the conduct of their investigation, the Plaintiffs suffered, as a result of their participation in a protected activity, discriminatory, and retaliatory action at the hands of the Authority and its board members resulting in their discharge by the Authority in the instance of Plaintiff Sherri Spears, on June 29, 2017 and in the instance of Plaintiff Kim McBride-Davies, on September 29, 2017.

21.     As to Plaintiff Sherri Spears, the discharge was motivated at least, in part, by the Plaintiff Sherri Spears engagement in protected activities.  When Plaintiff was fired, she asked why she was being fired.  Plaintiff Sherri Spears, was told by the new Executive Director that "We can't trust you".  Plaintiff had never been written up, warned or put on any performance plan.

22.     The discharge of Plaintiff Kim McBride-Davies was motivated at least, in part, by the Plaintiff engaging in protected activities.  When Plaintiff Kim McBride-Davies was fired, she asked why she was being fired.  Plaintiff Kim McBride-Davies was told by the Defendants' Executive Director that there is a lack of "cohesion" in your work relationship with the Authority.  Plaintiff Kim McBride-Davies had never been written up, warned, or put on any performance plan.

23. Plaintiffs bring this action as whistleblowers under the Federal False Claims Act. 31 U.S.C. 3730(H).

24. The Plaintiffs subsequently have lost substantial wages, benefits, suffered profound emotional upset and distress, experienced costs and attorney's fees and seeks judgment against the Defendant authority and members of its board in an amount exceeding $300,000.

WHEREFORE, the Plaintiffs seek judgment against the Defendants in an amount exceeding $300,000.

Respectfully submitted,

/s/ Greg Roosevelt
Greg Roosevelt, #02375427
Roosevelt Law Office
610 St. Louis Street
Edwardsville, IL 62025
(618) 656-9160
(618) 692-9718 Fax
gregroosevelt@gmail.com