IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRI SPEARS AND KIM MCBRIDE-DAVIES, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 18-cv-1325-MJR-RJD |
| v. | )<br>) |
| MARION COUNTY HOUSING AUTHORITY, et al., | )<br>)<br>) |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint (Doc. 26). The Motion is **GRANTED IN PART, DENIED IN PART**.

On June 26, 2018, Plaintiffs filed suit alleging Defendants wrongfully terminated their employment in retaliation for reporting misconduct. Plaintiffs' original Complaint contained one count pursuant to the Federal False Claims Act (31 U.S.C. 3729-33). Plaintiffs seek leave to amend the Complaint to add one new Defendant, Kelly Tinsley, and set forth the following counts:

   I.   False Claims Act 31 U.S.C. 3729-33
   II.  Retaliatory Discharge Illinois Whistleblower Act
   III. Intentional Infliction of Emotional Distress

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Generally, the decision whether to grant a party leave to amend the pleadings is a matter

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHERRI SPEARS AND KIM MCBRIDE-DAVIES, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 18-cv-1325-MJR-RJD |
| v. | )<br>) |
| MARION COUNTY HOUSING AUTHORITY, et al., | )<br>)<br>) |
| Defendants. | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint (Doc. 26). The Motion is **GRANTED IN PART, DENIED IN PART**.

On June 26, 2018, Plaintiffs filed suit alleging Defendants wrongfully terminated their employment in retaliation for reporting misconduct. Plaintiffs' original Complaint contained one count pursuant to the Federal False Claims Act (31 U.S.C. 3729-33). Plaintiffs seek leave to amend the Complaint to add one new Defendant, Kelly Tinsley, and set forth the following counts:

   I.   False Claims Act 31 U.S.C. 3729-33
   II.  Retaliatory Discharge Illinois Whistleblower Act
   III. Intentional Infliction of Emotional Distress

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Generally, the decision whether to grant a party leave to amend the pleadings is a matter

left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An amendment is futile when it is incapable of surviving a motion to dismiss. *See Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992).

Plaintiffs are attempting to add two new claims within the time allowed to amend the Complaint. However, Defendants argue allowing Plaintiff to add the new claims would be futile because they were not brought within the one-year statute of limitations period.

The Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101 provides that "no civil action…may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received, or the cause of action accrued." 745 ILCS 10/8-101(a). Plaintiff Sherri Spears was terminated on June 29, 2017 and Plaintiff Kim McBride-Davies was terminated on September 29, 2017. Because more than one year has lapsed between when Plaintiffs were terminated and when the Illinois tort claims were first asserted in Court, the Illinois Whistleblower Act claim and the Intentional Infliction of Emotional Distress claim are untimely. The untimely claims are futile because they are incapable of surviving a motion to dismiss. The Court denies Plaintiffs leave to add the two new claims pursuant to Illinois law.

The Court finds, however, that allowing Plaintiffs leave to amend the False Claims Act

count to add a new defendant would not be prejudicial to Defendants. Defendants argue that discovery is underway and both parties have exchanged and responded to written discovery and that allowing an amended Complaint would be unduly prejudicial. However, the discovery deadline in this case is not until June 6, 2019, and the parties have ample time to conduct discovery related to the new allegations and new defendant named in the amendment to Count I. Defendants were on notice of Plaintiffs' claims pursuant to the False Claims Act and will not be unfairly surprised by amendments to that claim. Plaintiffs are granted leave to file the proposed Amended Complaint setting forth the amendments to the Federal False Claims Act count.

Plaintiffs' Motion for Leave to Amend Complaint (Doc. 26) is **GRANTED IN PART**. Plaintiffs are **DIRECTED** to file the First Amended Complaint as set forth above *instanter*.

**IT IS SO ORDERED.**

**DATED: January 2, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**